No. 25-1469

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GENEVA ENTERPRISES, LLC; AV AUTOMOTIVE, LLC,

*Plaintiffs-Appellees,*

v.

AARON CHAVEZ; ALEX GUEVARA; ANA FLORES;
ANTHONY CIPRIANO; ANTONIO RIVERA; BRUCE WILSON;
CARLOS ROMERO; CHELSEA MONTES; CHRISTIAN
ISOPESCU; DOGAN GUNESSEVER; EDWARD MARTIN;
ERODITA GUEVARA; EUN SHIN; HECTOR OROZCO; HUGO
CAJINA; JAMES OSBORN; JEFFREY SHADE; KAI REED;
MICHAEL KENTES; MICHAEL HOOK; PATRICK WHITE;
PAUL LYONS; ROBERT DORMAN; ROBERTO HUACCHA;
ROY BRAXTON; ROY HIPPERT, JR.; SEAN MCLAIN;
THOMAS GRANT; TOMMY TRAN; WILLIAM SMITH;
WILLIAM BONILLA,

*Defendants-Appellants.*

On Appeal from the United States District Court for the
Eastern District of Virginia at Alexandria
Case No. 1:24-cv-00704-CMH-WBP

## DEFENDANTS-APPELLANTS' SUPPLEMENTAL BRIEF

Robert W.T. Tucci
Thomas J. Eiler
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373
rtucci@zagfirm.com
teiler@zagfirm.com

*Counsel for Defendants-Appellants*

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   QUESTION PRESENTED...................................................................2

III.  SUMMARY OF ANSWER....................................................................2

IV.  ARGUMENT........................................................................................2

       A.     Section 16(a)(1)(B) Squarely Authorizes This Interlocutory Appeal Because the District Court Denied Defendants' Renewed Motion to Compel Arbitration Under FAA § 4. ...................2

       B.     *Pisgah* and § 16(b)(2) Do Not Bar Jurisdiction Because the Appealed Order Did Not "Direct[] Arbitration to Proceed;" It Refused to Compel Arbitration. ...........................................................3

       C.     The District Court's June 7, 2024 Stay Order Was Not an Order Compelling Arbitration or "Directing Arbitration to Proceed" Under FAA § 4. ....................................................................................4

V.   CONCLUSION.....................................................................................7

VI.  CERTIFICATE OF COMPLIANCE ...........................................................9

i

# TABLE OF AUTHORITIES

**Cases**

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000)......................................................................................1, 3

*In re Pisgah Contractors, Inc.*,
117 F.3d 133 (4th Cir. 1997) ...................................................... passim

**Statutes**

9 U.S.C. § 3 .........................................................................................................6

9 U.S.C. § 4 ................................................................................ passim

9 U.S.C. § 16 ............................................................................... passim

9 U.S.C. § 16(a) ...............................................................................1, 3

9 U.S.C. § 16(a)(1)(B) ................................................................... passim

9 U.S.C. § 16(b) .............................................................................1, 3

9 U.S.C. § 16(b)(2)........................................................................ passim

## I.    INTRODUCTION

Defendants–Appellants submit this supplemental brief in response to the Court's February 12, 2026 Order (Doc. 35) directing the parties to address whether this Court has appellate jurisdiction under § 16 of the Federal Arbitration Act ("FAA") to review the district court's March 27, 2025 order denying Defendants' Motion to Lift Stay and Renewed Motion to Compel Arbitration. JA1411.

Section 16 draws a deliberate, statutory line; it permits immediate appeals from interlocutory orders that refuse arbitration, while generally foreclosing interlocutory appeals from orders that compel arbitration or otherwise direct arbitration to proceed. *See* 9 U.S.C. § 16(a)–(b); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 84–85 (2000). This appeal falls on the appealable side of that line because the order under review is not an order "directing arbitration to proceed" under FAA § 4; it is an order denying Defendants' renewed request for a § 4 directive that would make arbitration proceed. JA1411.

As set forth below, § 16(a)(1)(B) expressly authorizes interlocutory review of an order "denying a petition under section 4 . . . to order arbitration to proceed," and the Fourth Circuit has repeatedly recognized that jurisdiction exists over interlocutory orders denying motions to compel arbitration. *See In re Pisgah Contractors, Inc.*, 117 F.3d 133, 135 (4th Cir. 1997). The district court's June 7, 2024 stay order does not alter that conclusion because it did not compel arbitration,

1

did not direct arbitration to proceed, and cannot be retroactively transformed into a § 4 compulsion based on later shorthand characterizations. JA1392; JA1411.

## II.    QUESTION PRESENTED

Whether this Court has appellate jurisdiction under § 16 of the Federal Arbitration Act to review the district court's March 27, 2025 decision denying Defendants Motion to Lift Stay and Renewed Motion to Compel Arbitration. JA1411.

## III.    SUMMARY OF ANSWER

Yes. The district court's March 27, 2025 order expressly denied Defendants' renewed motion to compel arbitration, which is an interlocutory order immediately appealable under 9 U.S.C. § 16(a)(1)(B). The jurisdictional bar in § 16(b)(2) applies to interlocutory orders directing arbitration to proceed, not orders denying a motion to compel. *See Pisgah*, 117 F.3d at 135. The March 27 order did not "direct[] arbitration to proceed under section 4" of the FAA, 9 U.S.C. § 16(b)(2); it denied the relief necessary to make arbitration proceed. JA1411.

## IV.    ARGUMENT

### A.    Section 16(a)(1)(B) Squarely Authorizes This Interlocutory Appeal Because the District Court Denied Defendants' Renewed Motion to Compel Arbitration Under FAA § 4.

Congress drew a bright line in § 16 of the FAA: interlocutory appeals are permitted from orders hostile to arbitration (including orders denying a motion/petition to compel arbitration) but generally prohibited from interlocutory

2

orders favoring arbitration (including orders directing arbitration to proceed). *See* 9 U.S.C. § 16(a)–(b); *Green Tree*, 531 U.S. at 84–85 (quoting and describing § 16's structure).

The Fourth Circuit has repeatedly recognized this divide. In *Pisgah*, the Court explained: "[W]hile we have jurisdiction to consider an appeal from an interlocutory order *denying* a motion to compel arbitration, we generally do not have jurisdiction over an interlocutory order *compelling* arbitration or directing arbitration to proceed." *See* 117 F.3d at 135 (emphasis in original). *Pisgah* thus confirms—rather than undermines—appellate jurisdiction here, because Defendants appeal an order that denied a motion to compel arbitration. JA1411.

Accordingly, because the district court denied Defendants' renewed motion to compel arbitration, Defendants' appeal falls within the plain text of § 16(a)(1)(B).

### B.     *Pisgah* **and § 16(b)(2) Do Not Bar Jurisdiction Because the Appealed Order Did Not "Direct[] Arbitration to Proceed;" It Refused to Compel Arbitration.**

The Court's Order (Doc. 35) cites *Pisgah* and § 16(b)(2), which prohibits interlocutory appeals from orders "directing arbitration to proceed under section 4." 9 U.S.C. § 16(b)(2). But that bar applies when the district court orders arbitration to proceed—i.e., when the court enters a pro-arbitration directive under § 4. That is precisely what happened in *Pisgah* itself: the district court's order "direct[ed]

3

arbitration to proceed," and the Fourth Circuit dismissed for lack of jurisdiction. *See Pisgah*, 117 F.3d at 135–37.

Here, by contrast, the March 27, 2025 order did not direct arbitration to proceed; it denied Defendants' renewed motion to compel arbitration. JA1411. The order contains no directive to arbitrate, no instruction compelling compliance with the arbitration agreements, and no order requiring either party to proceed in arbitration. JA1411. Section 16(b)(2) therefore does not apply.

To be sure, the district court reasoned that it appeared to the Court that "this case has already been referred to arbitration and the case stayed," and that Defendants "provided no reason to lift that stay." JA1411. But that rationale does not transform the order into one that directs arbitration. The operative effect is still a refusal to compel arbitration in response to Defendants' renewed § 4 request, leaving Defendants without any enforceable order compelling arbitration. JA1411. Under § 16's framework, such a refusal is appealable. *See Pisgah*, 117 F.3d at 135.

## C. The District Court's June 7, 2024 Stay Order Was Not an Order Compelling Arbitration or "Directing Arbitration to Proceed" Under FAA § 4.

Although the order on appeal is the district court's March 27, 2025 denial of Defendants' renewed motion to compel arbitration, to the extent the Court views the district court's June 7, 2024 order as compelling or directing arbitration to proceed, that premise is incorrect. The June 7 order was not a § 4 order compelling arbitration,

4

nor an order "directing arbitration to proceed" within the meaning of 9 U.S.C. § 16(b)(2). It was, at most, a case-management stay premised on the expectation that the parties would proceed in arbitration without any judicial directive enforcing the arbitration agreements.

Section 4 is unmistakably directive: when a party shows a valid arbitration agreement and the opposing party's failure to comply, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added). The June 7 order contains no such command. The district court denied Geneva's request to enjoin arbitration and denied Defendants' initial motion to compel arbitration; it then stayed the federal case "pending resolution of the parties' claims in arbitration." JA1392.

The order did not grant a § 4 petition, did not order either party to arbitrate, did not direct that arbitration be commenced before the AAA, and did not impose any enforceable requirements to ensure arbitration would actually proceed "in accordance with the terms of the agreement" (including payment obligations necessary for AAA administration). A stay entered after denying both sides' motions cannot be recharacterized as a § 4 compulsion when the court never issued the type of affirmative directive § 4 contemplates. Indeed, The district court was explicit at the motions hearing held on June 6, 2024, stating "I've already said I'm going to dismiss the motion to stay arbitration and the motion for a preliminary injunction, so

5

I can't see why I would compel it to go to arbitration something I have dismissed." JA1384.

Nor does the June 7 stay qualify as an order "directing arbitration to proceed" under § 16(b)(2). A stay pending arbitration is not the same thing as an order compelling or "directing arbitration to proceed." FAA § 3 authorizes courts to stay litigation while arbitration proceeds; FAA § 4 authorizes courts to compel arbitration by ordering the parties to proceed. *See* 9 U.S.C. §§ 3–4. That distinction matters for § 16; § 16(b)(2) bars interlocutory appeals only from orders "directing arbitration to proceed under section 4," while § 16(a)(1)(B) authorizes interlocutory appeals from orders "denying a petition under section 4 . . . to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B), (b)(2). Consistent with that framework, the Fourth Circuit recognizes jurisdiction over interlocutory orders denying arbitration, while generally lacking jurisdiction over interlocutory orders compelling arbitration or directing arbitration to proceed. *See Pisgah*, 117 F.3d at 135. The June 7 order denied a motion to compel and stayed the case; it did not direct arbitration to proceed under § 4.

The district court's later, shorthand description in March 2025 that it appeared "this case has already been referred to arbitration and the case stayed" cannot retroactively convert the June 7 stay into a § 4 compulsion. JA1411. The operative content of the June 7 order remains what it was: "deny" plus "stay," not "grant § 4 relief." JA1392.  And the post–June 7 record confirms why it is wrong to treat the

stay as an enforceable § 4 directive; the AAA advised it would consider reopening and administering the cases "upon receipt of [Geneva's] Initiation Fee," but memorialized that Geneva "will not be remitting" the fees required to proceed. JA1409. If June 7 truly compelled arbitration "in accordance with the terms of the agreement," the parties would not have been left with a stayed federal case and no administered arbitration. Defendants returned to court precisely because the June 7 stay did not compel arbitration and did not supply any enforceable mechanism to ensure arbitration would actually commence.

## V.    CONCLUSION

For the foregoing reasons, the Court has appellate jurisdiction under 9 U.S.C. § 16(a)(1)(B) to review the district court's March 27, 2025 order denying Defendants' Motion to Lift Stay and Renewed Motion to Compel Arbitration. JA1411. The jurisdictional bar in § 16(b)(2) is inapplicable because the appealed order did not "direct[] arbitration to proceed under section 4"; it refused to compel arbitration and refused to lift the stay in response to Defendants' renewed § 4 request. JA1411. And the district court's June 7, 2024 order was not a § 4 compulsion—it denied the motion to compel and merely stayed the case "pending resolution of the parties' claims in arbitration." JA1392. Accordingly, Defendants respectfully request that the Court conclude it has jurisdiction and proceed to consider the merits of the appeal.

7

Respectfully submitted this February 19, 2026,

*/s/ Robert W.T. Tucci*
Robert W.T. Tucci
Thomas J. Eiler
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
301-587-9373
rtucci@zagfirm.com
teiler@zagfirm.com

*Counsel for Appellants-Defendants*

8

## VI.   CERTIFICATE OF COMPLIANCE

1. This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

2. Exclusive of the table of contents; table of citations; certificate of compliance and the certificate of service, this Supplemental Brief of Defendants contains 1,640 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and a copy of the word or line printout.

Respectfully submitted this February 19, 2026,

*/s/ Robert W.T. Tucci*
Robert W.T. Tucci
Thomas J. Eiler
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
301-587-9373
rtucci@zagfirm.com
teiler@zagfirm.com

*Counsel for Appellants-Defendants*