**No. 25-1469**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

————————————

**GENEVA ENTERPRISES, LLC; AV AUTOMOTIVE, LLC,**

*Plaintiffs-Appellees,*

**v.**

**AARON CHAVEZ, ET AL.,**

*Defendants-Appellants.*

————————————

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 1:24-cv-00704 (Hon. Claude M. Hilton)

————————————

**SUPPLEMENTAL BRIEF FOR PLAINTIFFS-APPELLEES
GENEVA ENTERPRISES, LLC AND AV AUTOMOTIVE, LLC**

————————————

Leslie Paul Machado
Michael E. Barnsback
O'Hagan Meyer PLLC
225 Reinekers Lane, Suite 300
Alexandria, Virginia 22314
(703) 775-8607 (phone)
(804) 403-7110 (facsimile)
lmachado@ohaganmeyer.com
mbarnsback@ohaganmeyer.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................. ii

INTRODUCTION ........................................................................ 1

STATEMENT OF THE ISSUE ..................................................... 1

STATEMENT OF THE CASE ....................................................... 1

SUMMARY OF ARGUMENT ....................................................... 4

ARGUMENT ................................................................................ 5

CONCLUSION ........................................................................... 10

CERTIFICATE OF COMPLIANCE WITH TYPEFACE
AND LENGTH LIMITATION ......................................................12

CERTIFICATE OF SERVICE ...................................................... 13

# TABLE OF AUTHORITIES

## Federal decisions

*Bentaous v. Asset Acceptance, LLC*,
  614 Fed. Appx. 669 ............................................................................... 8

*Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*,
  130 F.4th 396 (4th Cir. 2025) ............................................................... 5

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*,
  588 F.3d 884 (5th Cir. 2009) ................................................................ 9

*Dillon v. BMO Harris Bank, N.A.*,
  787 F.3d 707 (4th Cir. 2015) ................................................................ 5

*Frazier v. X Corp.*,
  155 F.4th 87 (2d Cir. 2025) ................................................................ 10

*Hoeg v. Samsung Elecs. Am., Inc.*,
  2024 U.S. App. LEXIS 18975 (7th Cir. July 31, 2024) ....................... 9

*In re Pisgah Contractors, Inc.*,
  117 F.3d 133 (4th Cir. 1997) ............................................................... 1

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*,
  363 F.3d 1010 (9th Cir. 2004) .............................................................. 9

*Masilotti v. Citigroup Mortg. Inc.*,
  580 Fed. Appx. 169 (4th Cir. 2014) ..................................................... 8

*Microsoft Corp. v. Baker*,
  137 S.Ct. 1702 (2017) ........................................................................... 7

*Noe v. City Nat'l Bank*,
  828 Fed. Appx. 163 (4th Cir. 2020) ..................................................... 6

*Noohi v. Toll Bros.*,
  708 F.3d 599 (4th Cir. 2013) ........................................................... 6, 7

*Simmons v. Himmelreich*,
578 U.S. 621 (2016) ................................................................................ 9

*Wallrich v. Samsung Electronics America, Inc.*,
106 F.4th 609 (7th Cir. 2024) ................................................................ 9

## Statutes

9 U.S.C. § 3 ................................................................................................ 5

9 U.S.C. § 4 ................................................................................................ 5

9 U.S.C. § 16 ......................................................................................... 1, 8

9 U.S.C. § 16(a) ......................................................................................... 5

9 U.S.C. § 16(a)(1)(B) ............................................................................ 4, 5

9 U.S.C. § 16(b)(1) ....................................................................... 4, 5, 7, 9, 10

9 U.S.C. § 16(b)(2) .................................................................... 1, 4, 5, 7, 9, 10

## INTRODUCTION

On February 12, 2026, the Court issued an Order directing the parties to file simultaneous supplemental briefs no later than February 19, 2026, addressing whether this Court has appellate jurisdiction under § 16 of the Federal Arbitration Act to review the district court's decision of March 27, 2025.

## STATEMENT OF THE ISSUE

> Whether this Court has appellate jurisdiction under § 16 of the Federal Arbitration Act to review the district court's decision of March 27, 2025? *See, e.g., In re Pisgah Contractors, Inc.*, 117 F.3d 133, 135 (4th Cir. 1997) (recognizing that while court of appeals has "jurisdiction to consider an appeal from an interlocutory order denying a motion to compel arbitration, we generally do not have jurisdiction over an interlocutory order compelling arbitration or directing arbitration to proceed" (citation modified)); 9 U.S.C. § 16(b)(2) (prohibiting interlocutory appeals of district court orders "directing arbitration to proceed").

Feb. 12, 2026 Order, ECF No. 35.

## STATEMENT OF THE CASE

This appeal arises from 31 demands for arbitration filed with the American Arbitration Association (AAA) by former employees of various automotive dealerships, primarily asserting wage-related claims. J.A. 119-185. After receiving the former employees' demands for arbitration, Geneva discovered that: (1) four of the former employees had no arbitration agreements with Geneva; and (2) all of the

-1-

former employees failed to comply with conditions precedent in the arbitration agreements. J.A. 186-192.

Consequently, on March 28, 2024, Geneva initiated an action in the Circuit Court for Fairfax County, seeking an injunction staying the mass arbitration, or a declaratory judgment that the former employees could not proceed in arbitration because of these failures. J.A. 22-41. That same day, Geneva filed a motion to stay the arbitration and for a temporary injunction in the circuit court. J.A. 112-118.

The former employees then removed the case to the United States District Court for the Eastern District of Virginia – Alexandria Division on April 29, 2024. J.A. 14-20. One week later, they filed a motion, *inter alia*, to compel arbitration. J.A. 739-742. Geneva then refiled its motion to stay arbitration and for preliminary injunction in the District Court. J.A. 778-786.

Before oral argument on the competing motions, however, the AAA advised the parties, on June 3, 2024, that it was declining to administer these and future cases involving Geneva. J.A. 1399-1400. It did so because neither party had submitted Respondents' Initiation Fee. J.A. 1400; J.A. 1402.

On June 6, 2024, the District Court heard oral argument on the former employees' motion to compel arbitration and Geneva's motion to stay arbitration and for preliminary injunction. J.A. 1371-1391. During the hearing, Geneva's counsel alerted the District Court to the fact that, in addition to the myriad

-2-

arguments Geneva had previously made about why the claims were not subject to arbitration, the AAA was no longer an available forum. J.A. 1378.

The former employees argued the District Court should nevertheless refer the case to arbitration. J.A. 1381. The District Court concluded that an arbitrator should decide whether the former employees' claims were arbitrable. J.A. 1383. It accordingly denied Geneva's motion to stay the arbitration and directed the parties to proceed in arbitration. J.A. 1392.

However neither party thereafter paid Respondents' Initiation Fee to the AAA. So, the AAA advised the parties that its previous discretionary decision not to administer these cases remained in effect. J.A. 1409.

More than 8½ months later, on March 3, 2025, the former employees filed a "combined motion to lift stay and renewed motion to compel arbitration" in the District Court. ECF No. 18. In an accompanying memorandum of law, they asked the District Court to lift the stay, order the parties to arbitration, require Geneva to pay the fees to the AAA, and then reinstate the stay. ECF No. 19.

On March 27, 2025, the District Court issued an order stating "this case has already been referred to arbitration and the case stayed. The Defendants have provided no reason to lift that stay." J.A. 1411. The District Court's March 27 Order thus effectively sent the dispute to arbitration and maintained the previously-interposed stay.

-3-

## SUMMARY OF ARGUMENT

Section 16 of the Federal Arbitration Act is clear that "an appeal *may not* be taken from an interlocutory order . . . granting a stay of any action" referred to arbitration or "directing arbitration to proceed." 9 U.S.C. § 16(b)(1)-(2) (emphasis added). In this case, the March 27 Order that the former employees challenge in this appeal: (1) maintained a previously-imposed stay; and (2) ordered the parties to arbitration. Under the plain and unambiguous language of § 16(b)(1)-(2), there is no appellate jurisdiction.

Citing § 16(a)(1)(B), which allows an interlocutory appeal from an order "denying a petition under section 4 of this title to order arbitration to proceed," the former employees nevertheless argue that there is appellate jurisdiction to review the March 27 Order because: (1) they filed a "renewed motion to compel arbitration in the District Court"; but (2) the District Court did not grant them the relief they sought.

This argument, however, ignores that the District Court denied the former employees' "renewed motion to compel arbitration" because it had already directed the parties to arbitration. Having previously stayed the case, and having previously directed the parties to arbitration, the District Court saw "no reason" to lift the stay. It accordingly maintained the stay, so that the parties could proceed

with arbitration. Under the plain and unambiguous language of § 16(b)(1)-(2), there is no interlocutory appellate jurisdiction to review that Order.

## ARGUMENT

In the Jurisdictional Statement of their Opening Brief, the former employees ground appellate jurisdiction in 9 U.S.C. § 16(a)(1)(B), which provides that "[a]n appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed." *See* Appellants' Opening Brief at 1. According to the former employees, they filed a "renewed motion to compel arbitration in the District Court," but the District Court did not grant them the relief they sought, so there is appellate jurisdiction over that Order. *Id.* at 1-2.

At first, this argument has some superficial appeal. This Court has "jurisdiction to hear an immediate appeal from the denial of a motion to compel arbitration." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 130 F.4th 396, 401 (4th Cir. 2025). And, in *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707 (4th Cir. 2015), the Court held that, where the title of a motion appeared to invoke 9 U.S.C. § 4 by seeking to compel arbitration, that is typically sufficient to confer appellate jurisdiction. *Id.* at 714 ("The terms 'compel' and 'stay' invoke §§ 4 and 3, respectively. The two banks thus employed the 'first, simplest, and surest way to guarantee appellate jurisdiction under § 16(a)'" (citations omitted)).

-5-

However, this Court has repeatedly eschewed such a cursory analysis in favor of one that looks practically at the lower court proceedings and lower court order when considering whether there is appellate jurisdiction. Thus, for example, in *Noe v. City Nat'l Bank*, 828 Fed. Appx. 163 (4th Cir. Sept. 30, 2020) (per curiam), a party appealed from the district court's order denying its "Motion to Dismiss, Motion to Stay, and to Strike Class Action Allegations." *Id.* at 164.

In concluding there was appellate jurisdiction, this Court looked past the title of the appealing party's motion in the district court, and instead focused on the substance of what happened below: "regardless of the label the Bank attributed to its request pertaining to arbitration or the district court's treatment of the Bank's motion, the Bank's alternative request that the 'matter be stayed pending referral of the matter to arbitration' equated to a motion seeking enforcement of a purported arbitration agreement. . .". *Id.* at 165. In other words, irrespective of the title of the appellant's motion below, because the district court effectively denied the appellant's motion to compel arbitration, there was appellate jurisdiction.

Similarly, in *Noohi v. Toll Bros.*, 708 F.3d 599 (4th Cir. 2013), the Court held there was appellate jurisdiction over a district court order denying a motion to dismiss or stay a putative class action lawsuit pending arbitration. Although the appellees argued that appellate jurisdiction was lacking because the appellant had moved to dismiss or stay the case in the district court, and the appeal from the

denial of a motion to dismiss is not appealable, the Court rejected this "overly formal argument." *Id.* at 604.

The Court instead confirmed that the proper focus is "on substance rather than nomenclature." It thus looked to the substance of what transpired in the district court and concluded that, although the appellant "never sought to have the district court compel arbitration," because "its entire brief focused on the enforceability of the arbitration provision, Toll Brothers thus indicated a 'clear intention to seek enforcement' of that provision." *Id.* at 604-05. *See also Microsoft Corp. v. Baker*, 137 S.Ct. 1702, 1710 (2017) (applying a "practical rather than technical construction" to find appellate jurisdiction lacking).

Here, while it is accurate that the District Court did not grant the former employees' "combined motion to lift stay and renewed motion to compel arbitration," it did so because it found it unnecessary, explaining that "this case has already been referred to arbitration and the case stayed" and that "[t]he defendants have provided no reason to lift that stay." J.A. 1411. The March 27 Order thus effectively sent the dispute to arbitration and maintained the previously-interposed stay. *Id.*

Section 16 of the Federal Arbitration Act is clear that "an appeal *may not* be taken from an interlocutory order . . . granting a stay of any action" referred to arbitration or "directing arbitration to proceed." 9 U.S.C. § 16(b)(1)-(2) (emphasis

-7-

added). Consequently, this Court has repeatedly dismissed appeals of district court orders staying a matter and directing the parties to arbitration, holding there is no appellate jurisdiction in those circumstances. *See, e.g., Bentaous v. Asset Acceptance, LLC*, 614 Fed. Appx. 669, 669-70 (4th Cir. Aug. 27, 2015) (per curiam) (dismissing appeal because "the district court's order compelling arbitration stayed the action rather than dismissing it, [so] that order is not a final, appealable order" (citation omitted)); *Masilotti v. Citigroup Mortg. Inc.*, 580 Fed. Appx. 169, (4th Cir. July 30, 2014) (per curiam) (dismissing appeal and reiterating that "an order staying an action and compelling arbitration is not final and appealable even if the district court 'retained jurisdiction through its stay only to enforce or vacate a forthcoming arbitration [,]' and therefore, as a 'practical' matter, 'render[ed] a final resolution as to all issues before it'" (citation omitted)).

Geneva anticipates that the former employees will argue that it is inequitable or unfair to apply the plain language of 9 U.S.C. § 16 because the AAA had already closed the proceeding – when neither side paid the Respondents' Initiation Fee. There are at least two problems with this argument.

First, as Geneva showed in its merits brief, assuming they have satisfied any applicable conditions precedent and that their claims are not barred for another reason, nothing prevents the former employees' from initiating a new arbitration –

-8-

then or now. *See* Geneva Brief at 30 (citing *Hoeg v. Samsung Elecs. Am., Inc.*, No. 24-1274, 2024 U.S. App. LEXIS 18975, at \*5 (7th Cir. July 31, 2024)).

Second, a statute "means what it says." *Simmons v. Himmelreich*, 578 U.S. 621, 627 (2016). And 9 U.S.C. § 16(b)(1)-(2) clearly and unambiguously says an appeal may not be taken from an order granting a stay or referring the matter to arbitration, both of which happened in the March 27 Order.

Finally, Geneva anticipates the former employees will claim there is appellate jurisdiction because their "combined motion to lift stay and renewed motion to compel arbitration" also sought an order requiring Geneva to pay the Respondents' Initiation Fees to the AAA (after the AAA dismissed the proceeding because the fees were not paid), and that the District Court did not grant them this relief. But, as numerous Courts of Appeals have held, courts lack the authority to second-guess an arbitral body's procedural decisions, including about fees. *See, e.g., Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609, 620 (7th Cir. 2024) ("the consumers sought an order compelling Samsung to arbitrate and to pay the required fees. But this request was outside the district court's authority"); *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 888 (5th Cir. 2009) (concluding that the district court could not compel the respondent to arbitrate and pay the AAA fees, because administrative filing fees are "procedural issues left to the discretion of the arbitrators"); *Lifescan, Inc. v. Premier Diabetic*

-9-

*Services, Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004) (holding that district court wrongly ordered a party to pay AAA fees); *Frazier v. X Corp.*, 155 F.4th 87, 98 (2d Cir. 2025) (the "principle – that courts have no role under 9 U.S.C. § 4 to intervene to review arbitrators' rulings regarding the allocation of fees in the context of an ongoing arbitral proceeding – applies as well to an arbitral body's determination that a party has or has not met the conditions necessary for it to continue administering their arbitral proceeding").

And, in any event, the Order being challenged stayed the case and sent the parties to arbitration. J.A. 1411. As shown above, that Order is not subject to immediate appellate review.

## CONCLUSION

There is no right to immediate appeal from an order "granting a stay of any action under section 3 of this title" or "directing arbitration to proceed under section 4 of this title." 9 U.S.C. § 16(b)(1)-(2). Because the order being challenged here stayed the lawsuit and directed arbitration, there is no appellate jurisdiction.

Dated:  February 19, 2026                      Respectfully submitted,


                                               */s/ Leslie Paul Machado*
                                               Leslie Paul Machado
                                               Michael E. Barnsback
                                               O'Hagan Meyer PLLC
                                               225 Reinekers Lane, Suite 300
                                               Alexandria, Virginia 22314
                                               (703) 775-8607 (phone)


-10-

(804) 403-7110 (facsimile)
lmachado@ohaganmeyer.com
mbarnsback@ohaganmeyer.com

***Attorneys for Appellees***
***Geneva Enterprises, LLC and AV***
***Automotive, LLC***

## CERTIFICATION OF COMPLIANCE WITH
## TYPEFACE AND LENGTH LIMITATIONS

This document complies with the word limit under Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains less than 30 pages.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word for Office 365 MSO in a 14-point Times New Roman font.

*/s/Leslie Paul Machado*
Leslie Paul Machado

-12-

-13-

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 19, 2026, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

/s/ *Leslie Paul Machado*
Leslie Paul Machado